UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BALJINDER RAI and RICHARD ROSA on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, <br><br> Defendant. | Case No.: 5:12-CV-4344-PSG <br><br> **ORDER GRANTING-IN-PART MOTION FOR APPROVAL OF HOFFMAN-LA ROCHE NOTICE AND FOR EQUITABLE TOLLING** <br><br> **(Re: Docket No. 47)** |

In this wage-and-hour case, Plaintiffs Baljinder Rai and Richard Rosa ("Plaintiffs") move for conditional certification of the class for purposes of sending out notices to potential class members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Plaintiffs also requests equitable tolling of the statute of limitations. Defendant Santa Clara Valley Transportation Authority ("SCVTA") does not oppose preliminary approval at this time, but does oppose Plaintiffs' equitable tolling request. Having carefully considered the papers and arguments of counsel, the court GRANTS-IN-PART Plaintiffs' motion, as follows:

    1.    Pursuant to the Fair Labor Standards Act ("FLSA") and cases interpreting it, the Court finds that the Operators (as defined below) are similarly-situated. The court therefore

1

CASE NO.: 5:12-CV-4344-PSG
ORDER

conditionally certifies this action as a representative collective action, pursuant to 29 U.S.C. § 216(b);

2. The court finds that notice should be sent to all prospective class members, consisting of all individuals who are currently employed, or formerly have been employed, by SCVTA as a bus or train operator or in an equivalent position at any time on or after August 17, 2009 ("Operators");

3. SCVTA shall to produce to Plaintiffs' counsel all Operators' names, address information, e-mail addresses, and telephone numbers of all Operators as defined above. Such information shall be produced within ten days of the date of this order in Microsoft Excel or another comparable spreadsheet format. The same information shall be produced to Plaintiffs' counsel for any subsequently hired Operators within ten days of the first date of employment;

4. The court approves the mailing, publication, and posting of the Notice and Consent to Join form attached to Docket No. 47-2 as Exhibit A. The Notice and Consent to Join form shall be sent to Operators within ten days of receipt by Plaintiffs' counsel of their contact information as described above in paragraph 3. The Notice and Consent to Join form shall also be posted in a prominent location at each of the Defendant's divisions (*i.e.*, at the North Division, the Guadalupe (Light Rail) Division, the Cerone Division, and the Chaboya Division), transit centers and layover locations. SCVTA shall make a good faith effort to ensure that each Notice posting shall have a reasonable number of Consent to Join forms available with the Notice at all times during the Notice period, as defined below;

5. Operators shall have until June 25, 2014 (the "Notice Period"), which is 60 days before the date that has been set as the fact discovery cutoff, to postmark their Consent to Join forms and mail such Consents to Plaintiffs' counsel. This deadline may be extended by stipulation signed by counsel for all parties and filed with the court;

6. Plaintiffs' counsel shall make all reasonable attempts to locate current addresses for any individual for whom a Notice is returned as undeliverable and shall promptly re-send the Notice to the current address. Plaintiffs' counsel shall keep a record of the addresses that it updates and the dates on which those Notices were sent to those addresses. Plaintiffs' counsel need not re-send the Notice to any particular individual more than two times;

7. Equitable tolling "freezes" the statute of limitations and allows potential plaintiffs to join the suit if they were barred from joining through no fault of their own.[1] Equitable tolling focuses on "concerns of fairness to claimants,"[2] and is generally warranted in the following circumstances: (1) plaintiffs actively pursued their legal remedies, or (2) defendant's misconduct induced failure to meet the deadline.[3] Equitable tolling is warranted here because SCVTA, without justification, refused to provide Plaintiffs with identifying information necessary to contact potential class members.[4] In the interests of fairness to the potential plaintiffs, who have yet to receive notice of the pending action through no fault of their own,[5] the statute of limitations shall be tolled from the time Plaintiffs made a formal demand for the contact information, or January 4, 2013,[6] through the date that SCVTA supplies

---

[1] *See Partlow v. Jewish Orphans' Home of S. California, Inc.,* 645 F.2d 757, 760 (9th Cir. 1981) *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

[2] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 100 (1990) (White, J., concurring); *Partlow*, 645 F.2d at 760-61.

[3] *See Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 542-43 (N.D. Cal. 2007) (holding that tolling was warranted where "potential plaintiffs in the case [had] yet to receive notice of the action due to defendant's refusal to supply potential plaintiffs' contact information to the named plaintiffs."). *See also Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1093 (D. Colo. 2005).

[4] *See id.*

[5] *Owens v. Bethlehem Mines Corp.,* 630 F. Supp. 309, 312-13 (S.D.W. Va. 1986) (holding that where the court did not rule on the plaintiff's motion for class certification for over a year, tolling was warranted because potential plaintiffs had been prevented from timely opting-in through no fault of their own).

[6] Plaintiffs claim they requested the contact information in their complaint, filed on August 17, 2012. However, they did not formally request the contact information until January 4, 2013, which

3
CASE NO.: 5:12-CV-4344-PSG
ORDER

Plaintiffs' counsel the contact information addressed in Paragraph 3.

IT IS SO ORDERED.

Dated: August 2, 2013

                                                _____
                                                PAUL S. GREWAL
                                                United States Magistrate Judge

---

Defendants denied, arguing that Plaintiffs could obtain the information elsewhere.  *See* Docket No. 51 at 2.

4

CASE NO.: 5:12-CV-4344-PSG
ORDER