UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BALJINDER RAI, et al., ) | Case No. 5:12-cv-04344-PSG |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING-IN-PART** |
| ) | **MOTION TO QUASH** |
| v. ) | |
| ) | |
| SANTA CLARA VALLEY ) | |
| TRANSPORTATION AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs Baljinder Rai, et al. object to Defendants Santa Clara Valley Transportation Authority, et al.'s notice and subpoena for a deposition of a person most knowledgeable at Amalgamated Transit Union, Division 265, the union that represents class members currently employed by VTA.[1] VTA provided notice of the deposition to Plaintiffs on August 6, Plaintiffs received the subpoena by way of snail mail on August 10 and VTA seeks to depose the union's PMK on August 14.

While there is no general rule as to what constitutes "reasonable time," Fed. R. Civ. P. 45(d)(2)(B) suggests 14 days as a starting point by requiring objections to be filed in that period

---

[1] *See* Docket No. 210 at 2.

1

Case Nos. 5:12-cv-04344-PSG.
ORDER GRANTING-IN-PART MOTION TO QUASH

unless a response is demanded sooner.[2]  Sufficient time and notice is important for Plaintiffs to present any objections and determine potential issues of privilege to do with the deposition.[3]

The court therefore GRANTS Plaintiffs' motion to quash, but only IN-PART.  Defendants indeed selected a date Plaintiffs said they were available and attempted to place Defendants on notice, although they were not diligent in mailing the subpoena.[4]  And Defendants are correct that Plaintiffs' efforts to meet and confer on their motion to quash appear half-hearted at least.[5]  In the interest of fairness and the impending close of discovery, therefore, the deposition of the union's PMK need not take place on August 14, 2015, but shall take place on or before August 21, 2015.

**SO ORDERED.**

Dated:  August 12, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See, e.g.*, *Bickoff v. Wells Fargo Bank, N.A.*, Case No. 14-cv-1065-BEN, U.S. Dist. LEXIS 33728, at *5-6 (S.D. Cal. Mar. 18, 2015).

[3] *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

[4] *See* Docket No. 211 at 1.

[5] *See id.*

United States District Court
For the Northern District of California