UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BALJINDER RAI et al., <br><br> Plaintiffs, <br> v. <br><br> SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-20, <br><br> Defendants. | Case No. 5:12-cv-04344-PSG <br><br> **ORDER GRANTING-IN-PART MOTION TO COMPEL AND AMENDING ORDER REGARDING SCHEDULE AND DEADLINES** <br><br> **(Re: Docket Nos. 180, 205)** |

This is a wage-and-hour class action. Plaintiffs claim Defendant Santa Clara Valley Transportation Authority has failed to properly compensate a class of over 1,000 bus and light rail operators, across ten different categories of activities, for a period from August 17, 2009 to the present.[1]

---

[1] *See* Docket No. 36 at 11-15.

1
Case No.: 5:12-cv-04344-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL AND AMENDING ORDER
REGARDING SCHEDULE AND DEADLINES

On June 6, 2014, the court ordered that the parties submit a stipulated schedule for any discovery required once the court ruled on Plaintiffs' motion for class certification.[2] On August 2, 2013, the court conditionally certified a collective action under the Fair Labor Standards Act.[3] On February 24, 2015, the court granted Plaintiffs' motion for class certification.[4] Consistent with the June 6 order, the parties submitted a stipulation and proposed order setting a variety of post-certification deadlines up through and including trial.[5] On March 24, 2015, the court entered the order as proposed.[6]

One of the deadlines set was a September 18, 2015 post-certification fact discovery deadline.[7] Another was an October 15, 2015 deadline for submitting any dispute over the acceptable margin of error and sample size of class members to be deposed or called to trial for purposes of extrapolating damages based on the testimony of Plaintiffs' expert Richard Drogin.[8] As these deadlines rapidly approach, and in light of discovery requests first served by VTA on May 12, 2015 (nearly three years into this case), the parties find themselves unable to agree on whether and to what extent Defendants are entitled to the full discovery they seek.

The court is persuaded that VTA is entitled to further discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or

---

[2] *See* Docket No. 132.

[3] *See* Docket No. 65 at 1-2.

[4] *See* Docket No. 171.

[5] *See* Docket No. 178 at 2:27-3:2.

[6] *See* Docket No. 180.

[7] *See id.* at 3:20.

[8] *See id.* at 3:13-17.

other tangible things and the identity and location of persons who know of any discoverable matter."[9] Broad access to discovery is supported by the principle that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."[10] At the same, individualized discovery is rarely appropriate in FLSA collective actions,[11] or class actions.[12] And an eleventh-hour rush of discovery requests imposes a real, and to a substantial degree, unfair burden on Plaintiffs.

To balance these considerations, the court GRANTS VTA's motion, but only IN PART, as follows:

1. No later than September 9, 2015, each named class representative shall respond to VTA's Special Interrogatories, Set One, VTA's Requests for Admissions, VTA's Request for Production of Documents, Set One, and document requests served with notices of the class representatives' depositions.

2. No later than September 30, 2015, each of the up to 30 randomly sampled class action members previously noticed shall appear for a deposition of up to two hours. At today's hearing, Plaintiffs' counsel confirmed that Plaintiffs' own expert Mr. Drogin agreed that 30 members is the appropriate sample size.[13]

---

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

[11] *See, e.g.*, *Prentice v. Fund for Pub. Interest Research, Inc.*, Case No. No. 06-cv-7776-SC, 2007 U.S. Dist. LEXIS 71122 (N.D. Cal. Sept. 18, 2007)

[12] *See, e.g.*, *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001).

[13] *Cf. Helmert v. Butterball, LLC*, Case No. 4:08-CV-00342-JLH, 2010 U.S. Dist. LEXIS 143134, at *4 (E.D. Ark. Nov. 5, 2010) ("[R]epresentative discovery, which involves individualized discovery from a representative sample of class members, consistently has been permitted in FLSA actions.") (citing numerous cases); *Reed v. County of Orange*, 716 F. Supp. 2d 876, 878 (C.D. Cal. 2010) ("After the Court conditionally granted class certification, the Court randomly selected 200

3
Case No.: 5:12-cv-04344-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL AND AMENDING ORDER REGARDING SCHEDULE AND DEADLINES

3. Each of three additional "opt-in" members selected by VTA shall appear for a deposition of up to two hours. Each such party has "freely chosen to participate" and should have information relevant to their own claims, as well as VTA's defenses.[14]

In addition, the court amends the March 24 order[15] as follows:

1. The deadlines for submitting a stipulation regarding the acceptable margin of error, the necessary sample size and the deadline for alternatively identifying any disputed issue for the court to resolve are vacated. The court will consider any such disputes as part of any *Daubert* challenges. *Daubert* motions shall be heard no later than November 17, 2015 at 1:30 PM.

2. The deadline for the hearing of any dispositive or partially dispositive motion and any decertification motion or any motion regarding class composition is November 17, 2015 at 1:30 PM. VTA shall present these issues, if at all, in a single motion not exceeding 25 pages.

3. The deadline for post-certification fact discovery is reset to September 30, 2015.

4. The deadline for post-certification expert discovery is reset to October 14, 2015.

5. The final pretrial conference is reset to November 24, 2015 at 10:00 AM.

6. Trial is reset to December 7, 2015 at 9:30 AM.

**SO ORDERED.**

---

Sample Plaintiffs to be deposed, and the parties deposed 135 deputies."); *Mister v. Illinois C. G. R. Co.*, 790 F. Supp. 1411, 1420-21 (S.D. Ill. 1992) ("The Special Master has approved a sampling method to conduct discovery on this issue. Essentially, Master Meites has authorized discovery depositions with a random sample of the class."); *Lusardi v. Lechner*, 855 F.2d 1062, 1065 (3d Cir.1988) (sample group of 51 randomly selected from the thirteen hundred persons who opted in); *Nelson v. Am. Standard, Inc.*, Case Nos. 2:07-CV-10-TJW-CE, 2:08-CV-390-TJW-CE, 2009 U.S. Dist. LEXIS 113448, at *9-10 (E.D. Tex. Dec. 4, 2009) (limiting discovery to named plaintiffs and randomly selected seven percent of opt-in class of FLSA party plaintiffs); *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 679 (7th Cir. 2009) (holding that defendant can "depose a random sample of class members" for a motion to decertify the class).

[14] *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 449 (S.D.N.Y. 1995).

[15] *See* Docket No. 180.

4
Case No.: 5:12-cv-04344-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL AND AMENDING ORDER REGARDING SCHEDULE AND DEADLINES

Dated: August 25, 2015

                                              _____
                                              PAUL S. GREWAL
                                              United States Magistrate Judge

5

Case No.: 5:12-cv-04344-PSG
ORDER GRANTING-IN-PART MOTION TO COMPEL AND AMENDING ORDER REGARDING SCHEDULE AND DEADLINES