THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for the Certified Collective
Action Members and the Certified Class

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJINDER RAI *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SANTA CLARA VALLEY TRANSPORTATION AUTHORITY; and DOES 1-20, <br><br> Defendants. | Civil Case Number: 5:12-cv-04344-PSG <br><br> [~~PROPOSED~~] ORDER OF FINAL APPROVAL GRANTING <br>(1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; AND (2) PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS <br><br> Date: May 17, 2016 <br> Time: 10:00 a.m. <br> Location: Courtroom 5, 4th Floor, San Jose <br><br> The Honorable Paul S. Grewal |

Plaintiffs' Motion for Final Approval of Class Settlement and Motion for Award of Attorneys' Fees and Costs and Service Awards (collectively, "Motions") came on regularly for hearing on May 17, 2016, at 10:00AM, in the United States District Court for the Northern District of California, the Honorable Paul S. Grewal presiding. All parties were represented by counsel.

Having considered the memoranda and declarations, oral arguments of counsel, and the relevant statutory and case law, the Court GRANTS Plaintiffs' Motions and orders and

1

finds as follows, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Rule 23(c) and (e) of the Federal Rules of Civil Procedure ("Rule 23"):

1. The Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") (Docket No. 284), filed December 16, 2015, and the class notice (attached to Docket No. 287), filed January 20, 2016, which the Court preliminarily approved as fair, adequate, and reasonable, and within the range of possible approval, is approved, and the definitions used therein are adopted for use herein as fair and reasonable as set forth herein.

2. This ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION (4th ed. 2004).

3. In determining whether the proposed settlement should be approved, the Court has considered the following eight factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). The Court also has considered whether the proposed settlement is "the product of collusion among the negotiating parties." *Id*. at 576.

4. The notice provided constituted the best notice practicable under the circumstances and met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

5. The Court finds that the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012); *Yue Zhou v. Wang's Rest.,* 2007 U.S. Dist. LEXIS 60683, at *2-4 (N.D. Cal. Aug. 8, 2007). *Accord Stevens v. Safeway Inc.,* 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D. Cal. Feb. 25, 2008).

2

[PROPOSED] ORDER OF FINAL APPROVAL GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND MOTION FOR AWARD OF ATTORNEYS' FEES - *Rai v. Santa Clara Valley Transp. Auth.*, Civil Case No. 5:12-cv-04344-PSG

6.	The proposed Settlement Agreement is fair, adequate, and reasonable and therefore approved.  The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference.

7.	The following Class and Collective Action is certified for settlement purposes only pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b): all current and former employees of Santa Clara Valley Transportation Authority ("Defendant") who are or were employed by Defendant as Operators (including Bus Operators, Rail Operators, Bus Operator Trainees, Light Rail Operator Trainees, whether full-time or part-time) at any time from August 17, 2009 through the Preliminary Approval Date, January 26, 2016 ("Class Period"), excepting those individuals who have previously opted out as members of the FLSA collective action and/or Rule 23 class action.

8.	The individuals who previously opted out as members of the FLSA collective action and/or Rule 23 class action, and who are therefore excluded, are: Kenneth Dura, Wayne Metrick, Kevin Golden, Paul Cooper, Juanito Alberto, Emile Betti, Kenneth Norrington, J.L. Pitts, Fred Hernandez, David Howard, Chao Yong Li, Richard Lewis, Richard Chavarria, Clifton Sledge, John Marini, and Harold Sheehy.

9.	Class Counsel, Steven G. Tidrick, Esq. and Joel Young, Esq. of The Tidrick Law Firm, are appointed as Settlement Class Counsel, and Class Representatives Walter Silveira and Richard Rosa are appointed as the Settlement Class Representatives

10.	Rust Consulting, Inc. is appointed as the settlement administrator.  The Settlement Administrator shall distribute the awards to the class members as specified in in accordance with the Settlement Agreement.

11.	**EITHER**: [Regarding section 7.4.4 of the settlement agreement, the Court finds that the value of uncashed checks shall go to *cy pres*.  The *cy pres* recipient shall be [Amalgamated Transit Union, Local 265, which shall abide by its guarantee that it would distribute the funds to any eligible person who comes forward during ten years from the payment to the Union Only one putative class member] OR [The Impact Fund] OR [Legal Aid Society

3

1  ~~Employment Law Center].~~ **OR**: ~~[Regarding section 7.4.4 of the settlement agreement, the Court finds that the value of uncashed checks shall revert to Defendant.]~~

12. ~~[The Court finds that no member of the Rule 23 class timely objected to the Settlement Agreement, and therefore strikes the objections.]~~ **OR** [The Court finds that no member of the Rule 23 class timely objected to the Settlement Agreement, and therefore strikes the objections. The Court also finds that even if the objections were timely, they lack merit.]

13. **EITHER**: [Only one putative class member, Robert Estorga, requested exclusion from the Settlement Class; the Court finds that Mr. Estorga's request for exclusion was <u>timely</u> and therefore he is hereby excluded.] ~~**OR**: [Only one putative class member, Robert Estorga, requested exclusion from the Settlement Class; the Court finds that Mr. Estorga's request for exclusion was untimely and therefore he is not excluded.]~~

14. Under Federal Rules of Civil Procedure 23(h)(1) and Rule 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and costs and service awards. Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law.

15. This class action settlement resolves a wage-and-hour dispute on a class-wide basis.

16. The Court's January 26, 2016 order granted preliminary approval of the class-wide settlement agreement, an agreement which specified that Class Counsel could request reimbursement from the settlement fund for up to thirty percent (30%) of the Maximum Settlement Amount, plus incurred costs, plus service awards "in the amount of no more than $10,000 to each of the two Class Representatives, and no more than $5,000 to the original putative class representative (Baljinder Rai), and no more than $1,000 each to Douglas Keegan, Terry Russell, Eileen Cole, Ray Harris, Carlos Delapina, and Mario Gullo. . . ." *See* Settlement Agreement, ¶¶ 6.4.1, 6.5.1. At the hearing on preliminary approval, Plaintiffs' counsel stated that Plaintiffs would seek reimbursement of no more than $200,000 for incurred costs.

17. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule

4

54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice.

18. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

19. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the gross settlement amount. *See generally Boeing v. Gemert*, 444 U.S. 472, 479, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).

20. The Court adopts the percentage-of-the-fund approach here and finds that the fee-and-expense amount is reasonable. The Ninth Circuit has stated that "25 percent of the fund [i]s the 'benchmark' award that should be given in common fund cases." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). That said, "the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'" *Johnson v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Thirty percent is within the "usual range." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (stating that "nearly all common fund awards range around 30%"). When the Court awards fees above or below the benchmark, the "record must indicate the Court's reasons for doing so." *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *44 (N.D. Cal. Jan. 26, 2007) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)).

21. In this case, a fee award of 30% of the common fund settlement is reasonable.

5

[PROPOSED] ORDER OF FINAL APPROVAL GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND MOTION FOR AWARD OF ATTORNEYS' FEES - *Rai v. Santa Clara Valley Transp. Auth.*, Civil Case No. 5:12-cv-04344-PSG

Among the circumstances the Ninth Circuit has considered relevant in assessing reasonableness are: (1) the results achieved; (2) the riskiness of prosecuting the litigation; (3) whether counsel obtained benefits for the Class above and beyond the cash settlement fund itself; and (4) the financial burden carried by Class Counsel in prosecuting the case on a contingency basis. *Vizcaino*, 290 F.3d 1043 at 1048-50.  In this case, all of those factors favor a finding that a fee award of 30% is reasonable.  *See* Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Service Awards (Docket No. 291), at 4:27 – 5:22.

22.     In terms of a lodestar cross-check, the attorneys' fees requested, 30% of the common fund amount of $4,200,000, equates to $1,260,000, which is less than 94% of the lodestar amount of $1,345,158.  The Court finds that Class Counsel's hours and hourly rates are reasonable.  The facts here would warrant a positive multiplier.  The fact that the requested fee award results in a "negative multiplier" supports a finding that the requested percentage of the fund, 30%, is reasonable and fair.

23.     "The prevailing view is that expenses are awarded in addition to the fee percentage." *Jefferson v. H&M Hennes & Mauritz, L.P.*, 2013 U.S. Dist. LEXIS 2875 at *9 (C.D. Cal. Jan. 7, 2013) (quoting 1 ALBA CONTE, ATTORNEY FEE AWARDS § 2:08 at 50-51).  To date, Class Counsel have advanced all costs incurred in this case.  The Tidrick Law Firm's total incurred litigation expenses were $99,473 as of March 14, 2016, and do not include the modest, but real, expenses that will be incurred in the future.  These costs are reasonable.

24.     The requested service awards are reasonable and justified, specifically, $10,000 to each to the two class representatives, Richard Rosa and Walter Silveira, $5,000 to the original putative class representative, Baljinder Rai, and $1,000 each to plaintiffs Terry Russell, Douglas Keegan, Eileen Cole, Ray Harris, Carlos Delapina, and Mario Gullo.

25.     Therefore, the Court orders an award of $1,260,000 in attorneys' fees and $99,473 in incurred litigation costs to The Tidrick Law Firm, and service payments of $10,000 to each to the two class representatives, Richard Rosa and Walter Silveira, $5,000 to the original putative class representative, Baljinder Rai, and $1,000 each to plaintiffs Terry Russell, Douglas Keegan, Eileen Cole, Ray Harris, Carlos Delapina, and Mario Gullo, from the common-fund settlement of

6

[PROPOSED] ORDER OF FINAL APPROVAL GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND MOTION FOR AWARD OF ATTORNEYS' FEES - *Rai v. Santa Clara Valley Transp. Auth.*, Civil Case No. 5:12-cv-04344-PSG

$4,200,000.

26. The above-titled action is hereby dismissed, and the claims are released as provided in the Settlement Agreement. Without affecting the finality of this final order and judgment in any way, this Court retains jurisdiction over: (a) effectuating and implementing the Settlement Agreement and its terms; (b) supervising all aspects of the administration of the Settlement Agreement; (c) determining whether, in the event that an appeal is taken from any aspect of this final order and judgment, notice should be given at the appellant's expense to some or all class members apprising them of the pendency of the appeal, whether to require the appellant to post a bond or provide other security, and such other matters as the Court may order; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith, and the provisions of this final order and judgment; (e) adjudicating any disputes that arise under the Settlement Agreement; and (f) any other matters related or ancillary to the foregoing.

27. This Judgment is a final judgment in the suit. By reason of the settlement, there is no just reason for delay. This final order and judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court directs Judgment and immediate entry by the Clerk of the Court. The Clerk shall close the file.

It is so ORDERED, ADJUDGED, AND DECREED.

DATE: May 17, 2016

_____
The Honorable Paul S. Grewal
United States District Court